IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELLY GILL-GAYLE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-0719 |
| | : | |
| GIANT COMPANY, LLC, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**　　　　　　　　　　　　　　　　　　　　　　　　　**July 19, 2024**

  Plaintiff Shelly Gill-Gayle brings this suit under federal and Pennsylvania state law against Defendants Giant Company, LLC and Giant Food Store #6562 (together, "Giant"), claiming Giant employees racially profiled her while she was shopping at a Giant store. Giant moves to dismiss the Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Because Gill-Gayle's allegations do not implicate 42 U.S.C. § 1985(3) and fail to satisfy the publicity requirement of a false light claim, the motion to dismiss will be granted as to those claims. The motion will also be granted as to her claims of intentional and negligent infliction of emotional distress, because they have since been voluntarily withdrawn. The motion to dismiss will be denied as to Gill-Gayle's 42 U.S.C §§ 1981 and 1982 claims because she has plausibly alleged intentional racial discrimination and animus while shopping at Giant. The motion will also be denied as to her defamation claim because she has plausibly alleged the statements were defamatory and published.

**BACKGROUND**

  Plaintiff Shelly Gill-Gayle is an African American woman. Compl. ¶ 6, ECF No. 1-1. On December 13, 2022, she shopped in a Giant Food Store located at 2201 Cottman Avenue in Philadelphia, Pennsylvania. *Id*. ¶¶ 6-7. While she shopped, a member of Giant's loss prevention team followed her, and a Giant sales associate closely monitored her movement. *Id*. ¶ 8. Neither

employee offered her help. *Id*. When Gill-Gayle stood near a locked formula case, cashiers screamed at her several times to "get away from the formula area." *Id*. ¶ 9. She then asked to speak with a manager, and security came to "calm the situation." *Id*. ¶ 10. The manager arrived and told Gill-Gayle multiple times "you have to understand that you don't look like a customer." *Id.* ¶ 11. When Gill-Gayle asked what he meant, the manager explained "several people" had broken into Giant's formula case. *Id*. ¶ 12. She then asked for the district manager's phone number, which made the Giant employees act "differently." *Id*. ¶ 13.

Gill-Gayle commenced this action with a Writ of Summons in the Philadelphia County Court of Common Pleas on December 1, 2023. ECF No. 1. On January 30, 2024, she filed a seven-count complaint based on Giant's alleged practices of racial profiling and discrimination. *Id*. Giant removed the case to this Court on February 20, 2024, and filed a motion to dismiss on February 27, 2024. ECF Nos. 1, 3.

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 555 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 555. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted)). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). In evaluating a motion to dismiss, this Court must "accept as true all

2

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989) (citations omitted).

**DISCUSSION**

Giant moves to dismiss all counts of the Complaint and Gill-Gayle's request for punitive damages.[1] The Court first addresses Count I, which asserts a racial discrimination claim under 42 U.S.C. § 1981. Compl. ¶¶ 33-38. Giant argues Gill-Gayle "cannot establish her Section 1981 claim by direct or indirect evidence" and her "allegations of racial animus are mere speculation." Def.'s Mem. Law 3-4, ECF No. 3-1.

Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . to the full and equal benefit of all laws . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a § 1981 claim, a plaintiff must plausibly claim: "(1) that [she] belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010) (citation omitted). A plaintiff may prove intentional discrimination with direct or indirect evidence. *See Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 269 (3d Cir. 2010) (explaining permissible evidence in § 1981 discrimination cases "may take a variety of forms" (citation omitted)); *see also Calhoun v. TJM Trevose, LLC*, Civ. No. 22-3852, 2023 WL 5208853, at *3 (E.D. Pa. 2023).

---

[1] Gill-Gayle voluntarily withdrew Counts VI and VII, asserting claims for intentional and negligent infliction of emotional distress, in her response opposing Giant's motion to dismiss. Pl.'s Mem. Law 17, ECF No. 8-1. Those counts will be dismissed.

3

Gill-Gayle has pled Giant intentionally discriminated against her in violation of § 1981. Gill-Gayle belongs to a racial minority and she was followed, screamed at, and told she didn't "look like a customer." Compl. ¶¶ 6-12. Construing all inferences in Gill-Gayle's favor, this conduct, and the manager implying Gill-Gayle looked like other people who broke the formula case, sufficiently asserts an intent to discriminate based on Gill-Gayle's race—even if indirectly. *See, e.g.*, *Calhoun*, 2023 WL 5208853, at *3 (explaining a plaintiff can prove § 1981 intentional discrimination with "direct or indirect evidence"). And alleging this discrimination included cashiers screaming "get away from the formula area" concerns an activity enumerated in § 1981, i.e. making a contract to purchase items at Giant. *See* 42 U.S.C. § 1981 ("All persons . . . have the same right in every State and Territory to make and enforce contracts . . . ."). The motion to dismiss will be denied as to this claim.

Count II asserts a violation of 42 U.S.C. § 1982, which provides "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens" to "purchase . . . personal property." 42 U.S.C. § 1982. To state a claim under § 1982, a plaintiff must "allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of [her] rights because of race." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3rd Cir. 2001) (citations omitted). The Third Circuit has noted "the requisite elements of claims under §§ 1981 and 1982 are quite similar." *Id*.

The same facts that support Gill-Gayle's § 1981 claim also support the first and second elements of § 1982 claim, racial animus and intentional discrimination. As to the third element, Giant claims "there is no allegation that [Gill-Gayle] was prohibited from purchasing property." Def.'s Mem. Law 4. The Court disagrees. Gill-Gayle claims she was followed, screamed at to "get

4

away," and told she didn't "look like a customer." Compl. ¶¶ 6-12. These allegations, viewed in the light most favorable to Gill-Gayle, plausibly suggests Giant deprived her of the right to purchase items at Giant because of her race. Giant's motion to dismiss will also be denied as to this claim.

Turning to Count III, Gill-Gayle brings a claim for conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3). Compl. ¶¶ 44-50. To state a § 1985(3) claim, a plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citations omitted). Section 1985(3) does not create any substantive rights, but "serves only as a vehicle for vindicating federal rights and privileges which have been defined elsewhere." *Brown*, 250 F.3d at 805 (citation omitted). And "[i]n the context of actions brought against private conspirators, the Supreme Court has thus far recognized only two rights protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel." *Id*. In other words, § 1985 (3) does not apply to "*purely private . . . conspiracies that do not involve any government actor at all*" unless the claim involves involuntary servitude or interstate travel. *Davis v. Samuels*, 962 F.3d 105, 113 (3d Cir. 2020) (citations omitted). Gill-Gayle's allegations only involve private actors—not government actors. Because her § 1985(3) claim is based on her shopping experience, and not involuntary servitude or interstate travel, Giant's motion to dismiss will be granted as to Count III.

In Count IV, Gill-Gayle asserts a Pennsylvania state law claim for defamation based on the Giant employees' comments to her. Compl. ¶¶ 51-58. To plead defamation, a plaintiff must allege:

5

(1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a). Giant argues Gill-Gayle has failed to sufficiently allege the first, second, and sixth elements. *See* Def.'s Mem. Law 5. The Court will consider each challenged element in turn.

The first element of a defamation claim is the defamatory character of the communication. 42 Pa. Cons. Stat. Ann. § 8383(a). Giant argues Gill-Gayle "has not included any specific facts to support the nature of any defamatory communications made by Defendant's employees." Def.'s Mem. Law 5. "A statement is defamatory if it tends to harm the reputation of another so as to lower [her] in the estimation of the community or to deter third persons from associating or dealing with [her]." *Byars v. Sch. Dist. of Phila.*, 942 F. Supp. 2d 552, 563-64 (E.D. Pa. 2013) (citing *Tucker v. Phila. Daily News*, 848 A.2d 113, 124 (2004)). Whether a statement is defamatory is a question of law for the Court. *Id*. at 564 (citing *Blackwell v. Eskin*, 916 A.2d 1123, 1125 (2007)). In making this determination, "the court must look at the language of the communication, its implications and the context in which it was made, and determine how a reasonable person would interpret the statement." *Id.* (citing *Tucker*, 848 A.2d at 124).

Within the context of shopping in a store, a reasonable person could interpret the Giant employees' conduct and language—following Gill-Gayle, screaming at her to get away from the formula, and stating she looked like others who stole formula—to imply that she was a thief. Such an implication would clearly harm her reputation in front of other shoppers. The Court thus concludes Gill-Gayle has pled the first element of defamation.

Giant also attacks Gill-Gayle's defamation claim based on the second element, arguing any alleged statements were not published. Def.'s Mem. Law 5. A defendant publishes a defamatory communication when he or she "either personally published the communication, or directed or participated in the publication of a defamatory communication by another." *Byars*, 942 F. Supp. 2d at 564 (citing *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1043 (1996)). The communication must be intentionally or negligently passed to "one other than the person defamed." *Id*. (quoting *Gaetano v. Sharon Herald Co.*, 231 A.2d 753, 755 (1967)). The statements in this case occurred in a public store, in the presence of at least three employees: the cashiers who screamed at her, and the manager who came over.[2] Compl. ¶¶ 8-12. These allegations are enough to satisfy the publication element at this stage. *See, e.g.*, *Byars*, 942 F. Supp. 2d at 565 (concluding the presence of others when a defamatory communication occurred "is sufficient to state that the conduct was communicated to others").

Giant also argues Gill-Gayle has not pled the sixth element of a defamation claim: special harm resulting to her. *See* Def.'s Mem. Law 5. But Pennsylvania law recognizes an exception to the "special harm" requirement. When the "defamatory statement imputes a criminal offense . . . the statement constitutes defamation *per se* and proof of 'special' damages is not required." *Rose v. Dowd*, 265 F. Supp. 3d 525, 531 (E.D. Pa. 2017) (citation omitted). The statements here impute a criminal offense by implying Gill-Gayle would steal formula. Proof of special harm is thus not required, as the statements constitute defamation *per se*. *See id*. Gill-Gayle has pled the first,

---

[2] The Court makes this inference based on the factual allegations in the Complaint, though Gill-Gayle does not explicitly state how many people were present when the statements were made. *See* Compl. ¶¶ 9-13. The Court also notes it is unclear whether other employees were present at the time of the statements, including a member of the loss prevention team, a sales associate, and security. *See id*. ¶¶ 8, 10.

7

second, and sixth elements of defamation, and Giant's motion to dismiss will be denied as to this claim.[3]

Turning to Count V, Gill-Gayle brings a claim for false light, an invasion of privacy tort, based on Giant's "defamatory statements and information" which created "false and harmful impressions" of her. Compl. ¶¶ 60-61. In Pennsylvania, a false light claim must allege a defendant published material that "is not true, is highly offensive to a reasonable person, and is publicized with knowledge or in reckless disregard of its falsity." *Graboff v. Colleran Firm*, 744 F.3d 128, 136 (3d Cir. 2014) (citations omitted). False light's publicity requirement is different from defamation's publication requirement. *Casselli v. City of Phila.*, 54 F. Supp. 3d 368, 380 (E.D. Pa. 2014) (citing *Curran v. Children's Serv. Ctr. of Wyoming Cnty., Inc.*, 578 A.2d 8, 12 (1990)). False light requires that the "matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."[4] *Id.* (quoting *Curran*, 578 A.2d at 12). But communication "to a single person or even to a small group of persons" is not an invasion of privacy. *Byars*, 942 F. Supp. 2d at 567 (quoting Restatement (Second) of Torts § 652D cmt. a).

Gill-Gayle has not pled false light's publicity requirement. Approximately six people were present at various times throughout Gill-Gayle's time in Giant. *See supra* note 2. Even assuming all six people were present during the statements, a group of six is not "the public at large" or "so

---

[3] Giant does not contest the remaining elements of defamation, but the Court nonetheless concludes the Complaint also pleads these elements. Gill-Gayle claims the statements applied to her, she understood the statements to be defamatory, she and all other persons present understood the statements as intended to apply only to her, and nothing suggests the existence of a privileged occasion. *See* Compl. ¶¶ 9-14, 51-58. These allegations collectively state a defamation claim. *See* 42 Pa. Cons. Stat. Ann. § 8343(a).

[4] Defamation only requires "any communication to a third party." *Byars*, 942 F. Supp. 2d at 567.

many persons" as to make the incident "substantially certain to become one of public knowledge." *Casselli*, 54 F. Supp. at 380 (citation omitted); *see also Byars*, 942 F. Supp. 2d at 567. And while the vague allegations in the Complaint arguably indicate more than six people were present, the Court cannot infer there were enough additional people to create the large audience required to bring a false light claim. *See* Compl. ¶¶ 8-11. Gill-Gayle's response in opposition does not clarify the audience size. Pl.'s Mem. Law 14-17.[5] Accordingly, Giant's motion to dismiss will be granted as to Count V.

The last claim Giant moves to dismiss is Gill-Gayle's request for punitive damages. Def.'s Mem. Law 8-9. Pennsylvania law only permits punitive damages "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) (citations omitted). Punitive damages "are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Id*. (citations omitted). Importantly, the availability of punitive damages "is an inherently factual inquiry not appropriately resolved on a motion to dismiss." *Greenwald Caterers Inc. v. Lancaster Host*, LLC, 599 F. Supp. 3d 235, 248 (E.D. Pa. 2022) (citations omitted). At this stage, alleging Giant stopped Gill-Gayle from purchasing items because she was African American and looked like a thief is enough to suggest "willful, wanton or reckless conduct." *Hutchison*, 870 A.2d at 770 (citations omitted). The Court declines to determine whether punitive damages are appropriate without the benefit of further factual inquiry. Giant's motion to dismiss the punitive damages claim will therefore be denied.

---

[5] Gill-Gayle's response asserts for the first time that the employees' statements were "made in front of other customers." Pl.'s Mem. Law 15. Accepting this allegation as true, the Court still cannot infer enough persons were present to meet false light's publicity requirement. Gill-Gayle fails to specify how many customers were present and whether there was a large enough audience to satisfy the publicity requirement.

One final issue remains. Gill-Gayle requests leave to amend in the event the motion to dismiss is granted. Pl.'s Mem. Law 18-19. And Giant further asserts "the proper defendant in this matter is The GIANT Company, LLC." Def.'s Mem. Law 9. Gill-Gayle "voluntarily agrees" to this requested identification of the proper defendant. Pl.'s Mem. Law 18. Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to amend "when justice so requires." Because it is possible Gill-Gayle could plead additional facts to support her claims in Counts III (conspiracy to interfere with civil rights) and V (false light), and because Giant has requested identification of the correct defendant, the Court will grant leave to amend.

An appropriate Order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.